UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GLORIA JACKSON,
on behalf of herself and all others similarly situated,

                Plaintiff,

-against-

ACCOUNT CONTROL SYSTEMS, INC.,

                Defendant.
------------------------------------------------------------x

FILED
APR 2005
USDC WP SDNY

**CLASS ACTION COMPLAINT**

JUDGE STANTON
05 CIV. 3438
**ECF CASE**

Plaintiff, by and through her undersigned attorneys, alleges upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant, its employees, agents, and successors, and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action on her own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Gloria Jackson (hereinafter "Jackson") is a resident of the State of New York, New York County. On or about February 3, 2005, plaintiff received a debt collection notice from defendant at plaintiff's home address. **Exhibit A**.

5. Account Control Systems, Inc. (hereinafter "ACS") is a New Jersey Corporation engaged in the business of collecting debt with a place of business located at 256 Livingston Street, Floor 2, Northvale, New Jersey 07647. The principal purpose of defendant ACS is the collection of debts using the mails and telephone, and the defendant regularly attempts to collect debts alleged to be due another.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, as of the date of plaintiff's complaint, and their successors in interest (the "Class"). Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without

limitation, persons who are officers, directors, employees, associates or partners of Account Control Systems, Inc.

7. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(4), 1692e(5) and 1692e(10).

    b. Whether plaintiff and the Class have been injured by the defendant's conduct;

    c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11.  Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

12.  A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13.  A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14.  Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15.  On or about February 3, 2005, defendant sent a collection letter to plaintiff Jackson demanding payment of a debt allegedly owed to the original creditor, Midnight Velvet. A copy of said letter is annexed hereto as **Exhibit A**.

16. The collection letter stated:

"Due to your refusal to voluntarily pay your above-stated debt, it is our intent to take full collection activity, the alternatives available to our clients are:

1.  Seeking a judgment which could result in the following :
    a.  Garnishment of wages (if applicable).
    b.  Attachment of personal property (if applicable).
    c.  Placement of liens against any "real" property you may own.

If this account is not resolved satisfactorily within (7) days, our asset research department may conduct an investigation in order to determine which of the above it chooses to recommend pursuing. Remit to this office immediately, or consider the alternatives and expect one of the above.

Please note :   If suit is brought against you, the following costs could be awarded by a judge :

| | |
|---|---|
| Filing Fee | $   38.25 |
| Sheriff's Fee | $   12.00 (EACH DEFENDANT) |
| Attorney's Fee | UP TO 1/3 OF THE BALANCE |
| Garnishment | $ 25.00 AND UP |
| Interest | 1% PER MONTH UNTIL PAID" |

17. The representation that nonpayment of the debt will result in the garnishment, attachment or sale of any property or wages of any person when the debt collector does not take such action violates 15 U.S.C. § 1692e(4).

18. The listing of fees, including a schedule of fees including filing fees that do not relate to the fee structure in the State of New York, violates 15 U.S.C. § 1692e(5), by threatening to take actions that are not intended to be taken.

19. Thus, defendant's letter lists post judgment remedies together with court fees, on matters it does not litigate.

20. Defendant in many instances violated the requirements of the FDCPA, in the following and other respects:

(a) by employing false and misleading representations in violation of 15 U.S.C. § 1692e;

(b) by the use of false representations and deceptive means to attempt to collect a debt in violation of 15 U.S.C. § 1692e(10);

(c) by threatening post judgment remedies which are not taken violates of 15 U.S.C. § 1692e(4) and 1692e(5).

### Class Allegations

21. This action is brought on behalf of a class. The class includes

(i) all consumers;

(ii) who received a collection letter enumerating garnishment, attachment and liens, and

(iii) listed filing fees, Sheriff's fees, Attorney's fees, garnishment and interst.

22. The class period begins one year prior to the filing of this action.

23. The class is so numerous that joinder of all members is impractical. Upon information and belief, there are several hundred class members. Plaintiff is complaining of standard form letters.

24. There are questions of law common to the class, which questions predominate over any questions affecting only individual class members. The principle questions presented are:

a. Whether defendant communicated with the consumer prior to providing the consumer with verification documents.

b. Whether defendant violated 15 U.S.C. §§ 1692e, 1692e(4), 1692e(5) and (10).

25. Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling class claims and claims involving unlawful collection practices. Neither plaintiff nor her counsel has any interests which might cause her not to vigorously pursue this claim.

26. Plaintiff's claims are typical of the class, which all arise from the same operative facts are based on the same legal theories.

27. A class action is a superior method for the fair and efficient adjudication of the controversy.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Issue a preliminary and permanent injunction restraining defendant, its employees, agents and successors from, *inter alia*, engaging in conduct and practices that are in violation of the FDCPA;

c)   Issue a declaratory Order requiring defendant to make corrective disclosures;

d)   Awarding plaintiff statutory damages;

e)   Awarding plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

f)   Awarding plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: April 1, 2005
       Uniondale, New York

*/s/ Abraham Kleinman*

Abraham Kleinman (AK-6300)
Lawrence Katz      (LK-0062)
Katz & Kleinman PLLC
626 EAB Plaza
Uniondale, New York 11556-0626
Telephone (516) 522-2621
Facsimile (516) 522-2890

**EXHIBIT A**

256 LIVINGSTON ST., 2ND FL
NORTHVALE NJ 07647-1902
FORWARD & RETURN SERVICE REQUESTED

# ACCOUNT CONTROL SYSTEMS, INC.

Telephone : (201) 767-5300
Fax : (201) 767-7051

S-SDACCS10 L-110 A-582709
P01GOD00207374 I08995
GLORIA JACKSON
620 MALCOLM X BLVD APT 1C
NEW YORK NY 10037-1221

ACCOUNT CONTROL SYSTEMS, INC.
256 LIVINGSTON ST., 2ND FL
NORTHVALE NJ 07647-1902

Feb 3, 2005

| Account No. : | Total Due : |
|---|---|
| 582709 | $ 698.87 |

Creditor : MIDNIGHT VELVET

✂ Detach Upper Portion And Return With Payment ✂

CREDITOR : MIDNIGHT VELVET
ACCOUNT NO. : 582709
**TOTAL DUE : $ 698.87**

Dear GLORIA JACKSON,

Due to your refusal to voluntarily pay your above-stated debt, it is our intent to take full collection activity, the alternatives available to our clients are:

1. Seeking a judgment which could result in the following :
   a. Garnishment of wages (if applicable).
   b. Attachment of personal property (if applicable).
   c. Placement of liens against any "real" property you may own.

If this account is not resolved satisfactorily within seven (7) days, our asset research department may conduct an investigation in order to determine which of the above it chooses to recommend pursuing. Remit to this office immediately, or consider the alternatives and expect one of the above.

Please note : If suit is brought against you, the following costs could be awarded by a judge :

| | |
|---|---|
| Filing Fee | $  38.25 |
| Sheriff's Fee | $  12.00  (EACH DEFENDANT) |
| Attorney's Fee | UP TO 1/3 OF THE BALANCE |
| Garnishment | $  25.00 AND UP |
| Interest | 1% PER MONTH UNTIL PAID |

Return checks will incur a $ 35.00 bad check fee.

Sincerely,

*Mrs. Smith*
Mrs. Smith
Loss Prevention Department

**This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.**

**Please see reverse side to pay by Credit Card, Western Union, or MoneyGram**